UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

AMSLER ADVISORS LLC                             :

       Plaintiff,                              :

  -against-                                      :

GVA PROPERTY MANAGEMENT,                        :
ALBERT REUBEN CAPITAL, and COREY
DEAN                                            :

       Defendants.                             :

------------------------------------- X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: 3/27/2026 |

Civil Action No.:  25-cv-10778-VEC

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

       Plaintiff Amsler Advisors LLC ("Amsler") and Defendant GVA Property Management ("GVA") and Albert Reuben Capital ("ARC") request that the Court enter a confidentiality agreement and protective order under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(c) for the protection of confidential information that Amsler, GVA, and ARC (collectively, the "Parties") may produce or otherwise disclose during the course of this litigation including, but not limited to, information and the production of documents and other materials that may contain information of a confidential or proprietary nature, which information, if made public, could work a clearly defined, serious injury to a party.

       The Parties request that the Court enter this Confidentiality Agreement and Protective Order (the "Order") establishing a protocol for the production of confidential information in this matter. Based on the Parties' stipulation, the Undersigned orders as follows:

       1.     Introduction, Scope, and Applicability.  This Order shall govern all documents and information exchanged (whether in writing, electronic, or other form) during this action, including, but not limited to, documents produced by the Parties or non-parties, deposition testimony,

20342842

interrogatory answers, and responses to requests for admission, including materials identified in Paragraph 9 below, for which confidentiality is claimed. The documents and information governed by this Order shall be collectively referred to as "Confidential Information."

This Order is applicable to the Parties, and any non-parties or potential future parties involved in this litigation. It is further applicable to the Parties' attorneys, agents, representatives, officers, and/or employees, to all consultants retained by any Party or Parties' attorneys, to all signatories to Exhibit A attached to this Order, and to all other persons authorized under this Order or any other order of this Court to receive or review Confidential Information. It is expressly ordered that this Order will not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of this case, save and except a hearing which involves issues related to the enforcement of any provision of this Order. This provision is an essential part of this Order and is not severable from any remaining paragraph or provision thereof.

2. <u>Definitions of Confidential Information</u>. "Confidential Information" consists of "Confidential Material" and "Attorneys' Eyes Only Information," as defined below. Confidential Material, as used in this Order, consists of the following materials and categories of materials:

> Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure and any applicable case law interpreting Fed. R. Civ. P. 26(c)(1)(G); contracts; proprietary information; vendor agreements; personnel files; personal health and medical information; claim/litigation information; corporate trade secrets, non-public research and development data; information obtained from a non-party pursuant to a non-disclosure agreement; and nonpublic policies and procedures shall be deemed Confidential Material.

20342842

Attorneys' Eyes Only Information means the Confidential Material that the producing party reasonably believes, in good faith, is so highly confidential and proprietary that disclosure to an opposing party would create a substantial risk of serious and irreparable injury to the other parties' business. The Parties agree that Attorneys' Eyes Only Information does not include personal financial information, tax returns, private emails, or other similar documents that are generally believed to be merely private in nature. The Parties shall not designate as Confidential Information any document or information that is already public knowledge.

3.    Designation of Confidential Information.    To designate information as Confidential, the producing party or any third parties subpoenaed by one of the Parties shall, in good faith, mark the Confidential Information with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Subject to paragraph 18 below, the counsel for all Parties shall, in good faith, meet and confer as to disputes concerning the Confidential Information designated as Confidential Material or Attorneys' Eyes Only Information before seeking intervention from the Court. The Parties shall submit confidential discovery responses, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend designating those responses as Confidential Material or Attorneys' Eyes Only Information. The receiving party may make copies of Confidential Information and such copies shall become subject to the same protections as the Confidential Information from which those copies were made.

    a.    Information on a disk or other electronic format (e.g., a native format production) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The receiving party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the

3

Confidential Material or Attorneys' Eyes Only Information from which those copies were made.

b.        Information disclosed at any deposition of a party taken in this action may be designated by the party as Confidential Material or Attorneys' Eyes Only Information by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as Confidential Material or Attorneys' Eyes Only Information by notifying the court reporter and other Parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The Parties may agree to a reasonable extension of the fifteen (15)-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such fifteen (15)-business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each Party shall affix the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend to the designated pages and segregate them as appropriate.

A producing party may change the Confidential Information designation of materials it has produced, as follows: (1) The producing party may withdraw a designation from materials it has produced at any time and for any reason. (2) If the producing party makes a good faith mistake by producing Confidential Information without designating the materials as such, then within fourteen (14) days of learning of the mistake, the producing party must give the receiving parties notice of the change by identifying the Confidential Information at issue. Once notice is given, the receiving party must make good-faith efforts to ensure that the Confidential Information is accorded treatment under the new designation. (3) Within fourteen (14) days after giving notice, the producing party must reproduce the Confidential Information in a format that contains the new designation. (4) If such Confidential Information has been disclosed to persons not qualified pursuant to Paragraph 6 or 7 below, the party who disclosed such Confidential Information shall (a) take reasonable efforts to retrieve previously disclosed Confidential Information; (b) advise

20342842

such persons that the material is Confidential Information; and (c) give the producing party written assurance that steps (a) and (b) have been completed.

Except with the prior consent of the producing party or upon prior order of this Court, which authority the Court may invoke at any time, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order, as amended by the Parties' mutual agreement or at the Court's discretion.

4.    Permissible Redactions Generally.    The producing party may redact from production information or material that is protected from disclosure by the Attorney-Client Privilege, the Work Product Doctrine, or any other applicable privilege or immunity, or that is governed by any applicable privacy law or regulation. All redactions must be clearly marked and identified. Any failure to redact information consistent with this paragraph does not waive any right to claims of privilege or privacy, or any objection, including relevancy, as to the information not redacted, the specific document containing that information, or any other produced document. A log must be provided describing any withheld documents or redactions that meets the requirements of Fed. R. Civ. P. 26.

5.    Limitations on Use of Confidential Information.    Subject to Paragraphs 6 and 7 of this Order, no Confidential Information shall, without prior written consent of designating party: (a) be disclosed, to anyone other than the Court and the persons and entities specified in Paragraph 6 or 7 hereof; or (b) be used by anyone other than the designating party for any purpose whatsoever other than the prosecution or defense of this litigation, except as provided for in Paragraph 6 or 7 of this Order as to a party's insurers. Nothing herein shall detract from, or affect in any way, confidentiality obligations to which the Parties may be subject pursuant to agreements independent of this litigation.

20342842

Unless specifically provided otherwise in this Order, each Authorized Person identified in Paragraphs 6 and 7 below (other than the Court and its staff) who has possession or control of Confidential Information (including any person or entity acting on behalf of, or for the benefit of, such Authorized Person as permitted in this Order): (i) shall not permit or enable unauthorized dissemination of Confidential Information to anyone; and (ii) shall take all necessary and prudent measures to preserve the security of Confidential Information, including measures to minimize risks of hacking of, and other unauthorized access to, systems on which Confidential Information is stored or through which it is transmitted.

6.    <u>Limitations on Persons Authorized to Have Access to Attorneys' Eyes Only Information.</u>  Except as provided elsewhere in this Order, access to and disclosure of Attorneys' Eyes Only Information shall be limited to the Authorized Persons listed in this paragraph and shall not be provided, shown, made available or communicated in any way to any other person or entity. The Authorized Persons are:

(i)    Counsel for a Party, including partners and associates of counsel, and their paralegals, administrative assistants, secretaries, and other members of their clerical and administrative staffs;

(ii)    Outside experts or outside consultants for any Party, including their administrative assistants, secretaries, and other members of the clerical and administrative staffs of those outside experts or outside consultants whose advice and consultation are being or will be used by such Party in connection with this proceeding, including any motions in this proceeding. A Party desiring to disclose Attorneys' Eyes Only Information to outside experts or consultants shall first obtain from each expert or consultant an Acknowledgement in the form provided in Exhibit A. Counsel making such disclosure shall retain executed Written Acknowledgments to Abide by the

6

20342842

Terms of the Stipulation and Protective Agreement Regarding Confidentiality during the pendency of this litigation.

(iii)    Insurers of a Party, employees and outside counsel of such insurers to the extent reasonably necessary to assist and afford the insurers an opportunity to investigate and evaluate this proceeding for purposes of determining coverage and for settlement purposes;

(iv)    Employees of outside vendors providing copy services and exhibit preparation services in connection with this action;

(v)    Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action;

(vi)    Any person who is identified as an author or recipient, including receipt by copy, of any document, information therein or tangible medium and is not otherwise shown prior to such disclosure not to have received the document, information therein or tangible medium or who has been identified in writing by the designating party as having been provided with the document, information therein or tangible medium. Such persons shall be considered "Authorized Persons" solely with respect to the specific document, information therein or tangible medium;

(vii)    Unless a witness is the author or a recipient of the document, a witness at a deposition or pre-trial hearing, if it is reasonable to believe that the witness will give relevant testimony regarding the Attorneys' Eyes Only Information to be disclosed or that disclosure is necessary to prepare the witness for the testimony, and only after the party seeking to elicit testimony regarding the Attorneys' Eyes Only Information makes a good faith effort to have the witness sign a copy of Exhibit A or consent under oath on the record to abide by the requirements in Exhibit A. This provision does not preclude the designating party from objecting to or seeking

7

20342842

to preclude disclosure to any deponent or witness, or to seek amendment of this provision in the future, if it believes it has a good faith basis for such objection or relief sought.

(viii)    Any other person mutually agreed upon by the Parties, provided that such person has been informed of this Order and has signed a copy of Exhibit A;

(ix)    Any mediators or arbitrators selected to assist in resolution of this matter, and their personnel who are actively engaged in assisting them.

7.    <u>Limitations on Persons Authorized to Have Access to Confidential Material.</u> Except as provided elsewhere in this Order, access to and disclosure of Confidential Material shall be limited to the Authorized Persons listed in this paragraph and shall not be provided, shown, made available, or communicated in any way to any other person or entity. The Authorized Persons are:

(i)    Counsel for a Party, including partners and associates of counsel, and their paralegals, administrative assistants, secretaries, and other members of their clerical and administrative staffs;

(ii)    The Parties, including the Parties' Corporate Representatives who have been informed of this Order and have signed a copy of Exhibit A;

(iii)    Outside experts or outside consultants for any Party, including their administrative assistants, secretaries, and other members of the clerical and administrative staffs of those outside experts or outside consultants whose advice and consultation are being or will be used by such Party in connection with this proceeding, including any motions in this proceeding. A Party desiring to disclose Confidential Material to outside experts or consultants shall first obtain from each expert or consultant an Acknowledgement in the form provided in Exhibit A. Counsel making such disclosure shall retain executed Written Acknowledgments to Abide by the Terms of the

8

20342842

Stipulation and Protective Agreement Regarding Confidentiality during the pendency of this litigation.

(iv)     Insurers of a Party, employees and outside counsel of such insurers to the extent reasonably necessary to assist and afford the insurers an opportunity to investigate and evaluate this proceeding for purposes of determining coverage and for settlement purposes;

(v)     Employees of outside vendors providing copy services and exhibit preparation services in connection with this action;

(vi)     Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action;

(vii)     Any person who is identified as an author or recipient, including receipt by copy, of any document, information therein or tangible medium and is not otherwise shown prior to such disclosure not to have received the document, information therein or tangible medium or who has been identified in writing by the designating party as having been provided with the document, information therein or tangible medium. Such persons shall be considered "Authorized Persons" solely with respect to the specific document, information therein or tangible medium;

(viii)     Unless a witness is the author or a recipient of the document, a witness at a deposition or pre-trial hearing, if it is reasonable to believe that the witness will give relevant testimony regarding the Confidential Material to be disclosed or that disclosure is necessary to prepare the witness for the testimony, and only after the party seeking to elicit testimony regarding the Confidential Material makes a good faith effort to have the witness sign a copy of Exhibit A or consent under oath on the record to abide by the requirements in Exhibit A. This provision does not preclude the designating party from objecting to or seeking to preclude disclosure to any

9

20342842

deponent or witness, or to seek amendment of this provision in the future, if it believes it has a good faith basis for such objection or relief sought.

(ix)    Any other person mutually agreed upon by the Parties, provided that such person has been informed of this Order and has signed a copy of Exhibit A;

8.    Party's Own Information.  The restrictions on the use of Confidential Information established by this Order are applicable only to the Confidential Information received by a party from another party or from a non-party as a direct result of this litigation. A party is free to do whatever it desires with its own Confidential Information.

9.    Related Material.    The restrictions on the use of Confidential Information established by this Order shall extend to: (i) all copies and extracts of Confidential Information; and (ii) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto that contain or reflect the content of any Confidential Information, copies, extracts, or summaries, provided that such writings are identified as containing Confidential Information and are marked as Confidential Information as required in Paragraph 3.

10.    Designation of Documents Under Seal.  Without written permission from the producing party or court order secured after a motion and appropriate notice to all interested persons, a party may not file Confidential Information in the public record in this action (or in any other action, such as an appeal). In the event any Confidential Information is attached to, referred to, or is an exhibit to any pleading, motion, deposition transcript, brief, or other filing with the Court, the party using such material shall move to file the same or submit it to the Court under seal, in accordance with the Court's rules.  However, this Order does not authorize a party to file or maintain a document under seal, and any party seeking to file any document, or portion of a document, must comply with the Court's rules. Submissions filed with the Clerk's office are

10

20342842

presumptively open and accessible to the public. A party seeking to file material under seal shall have the burden of demonstrating why sealing is necessary – especially if the material is filed in connection with a request for a substantive ruling, like a summary judgment motion. To the extent such confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version to be filed under seal in accordance with the Court's rules.  The redacted version of a confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing. For the avoidance of doubt, Confidential Information may only be filed under seal in a manner prescribed by the Court or the Local Rules for such filings.

11.    Depositions.  Testimony taken at, and exhibits used at, a deposition may be designated as Confidential Material or Attorneys' Eyes Only Information under the terms of this Order by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind confidential portions of the transcript or exhibit(s) and to label such portions respectively. In addition, each party shall have fifteen (15) days after receipt of a deposition transcript to review such transcript and exhibits and to designate in writing portions of such transcript or exhibits as Confidential Material or Attorneys' Eyes Only Information. Until such designation, or the passage of fifteen (15) days, the entire transcript and all exhibits shall be treated by all Parties as Attorneys' Eyes Only Information. If testimony at a deposition or an exhibit is designated as Confidential Material or Attorneys' Eyes Only Information during the deposition, then only persons authorized to receive such information or documents under the terms of this Order may be present during such portion of the deposition, and may receive copies of deposition transcript portions so designated,

20342842

subject to the right to challenge such designation in accordance with the terms of this Order. It is impermissible for a party to designate an entire deposition as Confidential Material or Attorneys' Eyes Only Information. Parties are required to only designate as Confidential Material or Attorneys' Eyes Only Information those portions of the deposition that meet the requirements of this Order.

A document discussed during or attached as an exhibit to a deposition does not gain a designation of Confidential Material or Attorneys' Eyes Only Information if only the deposition transcript is designated, in whole or in part, as Confidential Material or Attorneys' Eyes Only Information. Similarly, a document designated as Confidential Material or Attorneys' Eyes Only Information that is discussed during or attached as an exhibit to a deposition does not lose a designation of Confidential Material or Attorneys' Eyes Only Information if the deposition transcript is not designated, in whole or in part, as Confidential Material or Attorneys' Eyes Only Information.

12.    <u>Use of Confidential Information at Hearing or Trial</u>.  At any hearing or trial relating to this proceeding, subject to the rules of evidence and orders of the Court, including Paragraph 9 above, a party may use any Confidential Information for any purpose related to the subject of the hearing or trial. Should a party intend to use Confidential Information during a hearing or at trial, the party must so advise the designating party sufficiently in advance of the hearing or trial to permit the parties to determine how Confidential Information should be treated during the hearing or trial; provided, however, that no party shall be required to disclose the specific Confidential Information that it intends to use. The party wishing to use Confidential Information at a hearing or trial must timely raise the issue with the Court. The Court will then rule on whether that portion of the hearing or trial should proceed under seal.

20342842

13.     Other Protections.  This Order shall not preclude any party from seeking additional protection with respect to Confidential Information as that party deems appropriate. Nor shall any party be precluded from seeking an order from the Court permitting the disclosure or use of certain Confidential Information otherwise prohibited by this Order. This Order shall not be construed as a waiver by any party of objections, with the exception of confidentiality, relating to the disclosure or production of documents or other information.

14.     Subpoena by Other Courts or Agencies.  If another court or an administrative agency subpoenas or orders production of the Confidential Information which a party has obtained under the terms of the Order, the party shall notify the designating party's counsel in writing of each such subpoena or order within three (3) business days of receipt of the subpoena or order, shall not disclose any Confidential Information prior to the date specified for production, and shall not oppose or otherwise interfere with any effort by the designating party to oppose or seek to limit the subpoena or order.

15.     Inadvertent Disclosure of Confidential Information to Others and Enforcement.  If Confidential Information is inadvertently disclosed by an Authorized Person to any person other than in the manner authorized by this Order or if an Authorized Person becomes aware of an attempt to hack or otherwise gain unauthorized access to a system containing Confidential Information (jointly, "Unauthorized Actions"), the Authorized Person shall immediately bring all pertinent facts relating to the Unauthorized Actions to the attention of counsel for all parties and, without prejudice to other rights and remedies of any party, make a good faith effort to retrieve such material and to prevent further Unauthorized Actions. Should initial good faith efforts to retrieve such material and prevent further Unauthorized Actions fail, counsel for the affected

13

20342842

parties may then meet and confer, in good faith, as to additional actions necessary for retrieving and protecting the Confidential Information.

All persons receiving or given access to Confidential Information in accordance with the terms of this Order consent to the jurisdiction of the Southern District of New York for the purposes of enforcing this Order and remedying any violations thereof.

Unintentional disclosure, without the required designation of Confidential Material or Attorneys' Eyes Only Information, of any Confidential Information shall not be deemed a waiver in whole or in part of the disclosing party's claim of confidentiality, either as to the specific Confidential Information disclosed or as to the same or related subject matter. This paragraph and its subparts shall be interpreted to provide the maximum confidentiality protection allowed under applicable law.

16.    <u>Challenge to Designation</u>. In the event that the party receiving Confidential Information and/or a privilege log disagrees with the designation of Confidential Material or Attorneys' Eyes Only Information, or assertion of privilege by the producing or designating party, or disagrees with the designation of deposition testimony as Confidential Material or Attorneys' Eyes Only Information, then the parties initially will try to resolve the dispute on an informal basis. In presenting its challenge(s), the objecting party shall advise the designating party, in writing, of the specific Confidential Information (identified by Bates number, if applicable). If the parties are unable to resolve such a dispute informally within five (5) business days, the receiving party may apply to the Court in accordance with its rules. Any such disputed items shall be treated as Confidential Material or Attorneys' Eyes Only Information, as designated, and subject to the protections of this Order unless and until the Court determines otherwise. No party shall be obligated to challenge the propriety of a Confidential Material or Attorneys' Eyes Only

14

Information designation, and failure to do so shall not constitute (1) an admission that any item or information is in fact Confidential Material or Attorneys' Eyes Only Information, or (2) a waiver of the right to do so at a subsequent time.

17. Inconsistent Designations. In the event a party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the most restrictive designation on any copy once the inconsistent designation is known. The producing party shall be responsible for informing the party receiving the inconsistently designated information of the inconsistent designation.

18. Return of Confidential Material. Within sixty (60) days after the conclusion of this litigation, unless the parties agree in writing to the contrary, each party or non-party to whom any Confidential Information was produced shall, without further request or direction from the producing party, promptly destroy all documents, items or data which has been marked as Confidential Information, including any copies thereof, which are in their possession. The receiving party shall submit a written certification to the producing party by the thirty (30)-day deadline that (1) confirms the destruction/deletion of all Confidential Information, including any copies of Confidential Information provided to persons required to execute Exhibit A (Affidavit), and (2) affirms the receiving party has not retained any copies of the Confidential Information. Notwithstanding this provision, outside counsel is entitled to retain an archival copy of filings, depositions, deposition exhibits, and work product that contains Confidential Information.

19. Waiver or Termination. The provisions of this Order may not be modified, waived, or terminated except by the written stipulation of the Parties' counsel or order of the Court. Termination of the proceedings shall not relieve any person from the obligations of this Order,

20342842

unless the Court orders otherwise. This Order is, and shall be deemed to be, an enforceable agreement between the Parties, their agents, and their attorneys.

20.    Notice.  All notices required by this Order are to be served via email to the appropriate attorney(s) of record for the Parties. The date by which a party receiving a notice shall respond, or otherwise take actions, shall be computed from the date indicating when the email was received unless received after 5:00 p.m. Eastern Time. Service after 5:00 p.m. Eastern Time shall be deemed served the following day. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the party designating Confidential Information under this Order.

21.    Other Proceedings.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's Confidential Information shall notify the other party of the motion within three (3) business days of the filing of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed. Furthermore, Confidential Information shall not be provided to counsel or the parties in any other proceeding without the written consent of the producing party.

Dated: March 27, 2026

SO ORDERED.

_____
VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

APPROVED:

16

20342842

**SILLS CUMMIS & GROSS P.C.**

By: */s/Matthew Canini*

    Matthew P. Canini
    Sarah Franzetti
    101 Park Avenue, 28th Floor
    New York, New York 10178
    (212) 643-6000
    (212) 643-6500 (fax)
    mcanini@sillscummis.com
    sfranzetti@sillscummis.com

    *Attorneys for Plaintiff Amsler Advisors LLC*


**HASBANI & LIGHT, P.C.**

By: */s/Shauna DeLuca*

    Shauna M Deluca
    Rafi Hasbani
    450 7th Avenue
    Suite 1901
    New York, NY 10123
    (212) 643-6677
    (347) 491-4048 (fax)
    sdeluca@hasbanilight.com
    hllawpc@gmail.com

    *Attorneys for Defendant Albert Reuben Capital, LLC*


**GORDON REES SCULLY MANSUKHANI LLP**

By: */s/Anthony De Ingeniis*

    Anthony De Ingeniis
    1 Battery Park Plaza, 28th Floor
    New York, NY 10004
    (917) 508-9201
    adeingeniis@grsm.com

    *Attorneys for Defendant GVA Property Management*

17

20342842

**EXHIBIT A**

WRITTEN ACKNOWLEDGEMENT TO ABIDE BY THE TERMS OF THE STIPULATION AND PROTECTIVE AGREEMENT REGARDING CONFIDENTIALITY

I, do solemnly swear that I am fully familiar with the terms of the agreed Confidentiality Agreement and Protective Order concerning confidentiality that was entered into by the Parties in connection with *Amsler Advisors, LLC v. GVA Property Management, et al*., Case No. 25-cv-10778, in the United States District Court for the Southern District of New York, and hereby agree to be bound by the terms and conditions of the Confidentiality Agreement and Protective Order, even after this litigation concludes. I further swear that I am reviewing Confidential Information solely for the purposes of the above-referenced litigation, and that, except as authorized in the Confidentiality Agreement and Protective Order, I shall not disclose Confidential Information, in any form whatsoever, to others. I further swear that I shall return or destroy Confidential Information in my possession, custody, or control in the manner and time specified by the Confidentiality Agreement and Protective Order. I attest to my understanding that, if I fail to abide by the terms of the Confidentiality Agreement or Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I hereby consent to the jurisdiction of the Southern District of New York, for the purposes of enforcing the Confidentiality Agreement and Protective Order.

I am employed by _____ and my title is _____.

Dated:_____    By:_____
(signature)

20342842